**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**GERALD STONE**,

               Plaintiff,

               v.

**LORETTA LYNCH,
Attorney General,
Department of Justice**,

               Defendant.

Case No. 15-cv-01745 (CRC)

---

**MEMORANDUM OPINION**

This is but the latest attempt by Gerald Stone to reverse the consequences of his 2005

criminal conviction.  Because his claims constitute an improper collateral attack on that conviction

and are virtually identical to ones previously rejected by other courts, the Court will grant the

Attorney General's motion to dismiss Stone's complaint.

**I.      Background**

This Court has already described the events surrounding Stone's conviction and sentence.

See Stone v. Donovan, No. 14-cv-00656 (CRC), Mem. Op. 1–3, Nov. 3, 2014.  To briefly recap, in

2005, Stone pleaded guilty in the U.S. District Court for the Northern District of Texas to tax

evasion and conspiracy to commit theft from an organization receiving federal benefits in excess of

$10,000.  See United States v. Hildenbrand, 527 F.3d 466, 473 (5th Cir. 2008).  A non-profit

operated by Stone and his wife bought houses from the U.S. Department of Housing and Urban

Development ("HUD") at a discount through a HUD program (known as the Single Family

Affordable Housing Program, or "SFAHP") offered to encourage home ownership among low- and

moderate-income buyers.  Id. at 470–71.  Stone admitted to invoicing the non-profit and receiving

payments for repair work on houses that he did not perform.  Id. at 471–72.  The fake invoices

inflated the stated expenses of the non-profit, thereby increasing the allowable sale price of the houses.  Id. at 471.  Stone bought a yacht and a condo with the sales proceeds and did not report this income on his tax returns.  Id. at 471–73.

The District Court for the Northern District of Texas sentenced Stone to two years imprisonment and restitution, and ordered forfeiture of the yacht and condo.  Id. at 473–74.  The Fifth Circuit affirmed the sentence, finding Stone's convictions to be supported by sufficient facts.  Id. at 478.  Stone then filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence on jurisdictional grounds, which was denied by the district court.  Stone v. United States, 2010 WL 2404281 (N.D. Tex. June 15, 2010) (adopting report and recommendation).  "Since that time, Stone . . . [has] engaged in a veritable blizzard of pleadings, motions, and actions attempting to collaterally attack the underlying judgments of conviction, all of which have failed."  Stone v. Fahey, No. 4:13-CV-332-A, 2013 WL 3356399, at *1 (N.D. Tex. July 3, 2013) (quoting United States v. Stone, No. 3:11–CV–2395–N, at 2 (N.D. Tex. Aug. 23, 2012)).

As part of that effort, Stone brought three cases in this district against the Department of the Treasury, HUD, and Eric Holder in his capacity as Attorney General.  See Stone v. Holder, 859 F. Supp. 2d 48 (D.D.C. 2010) (consolidating three cases).  All three sought to reclaim restitution payments and property seized as part of his sentence.  Id. at 50.  All three were dismissed because Stone did not meet his burden to establish that sovereign immunity had been waived.  Id. at 52.  The court also held that the suits were improper collateral attacks on Stone's sentence and dismissed them with prejudice.  Id. at 53.

Stone next filed a complaint in this Court, in which he argued—as he did in his appeal to the Fifth Circuit—that his conviction under 18 U.S.C. § 666 for defrauding an organization receiving over $10,000 in federal benefits was supported by insufficient facts.  The Court dismissed the complaint on *res judicata* grounds, finding that the claims he raised were "virtually identical to ones

previously rejected by this court and others." Stone v. Donovan, No. 14-cv-00656 (CRC), Mem.

Op. 1, Nov. 3, 2014.  Noting that Stone once "again challenge[d] the legality of his sentence," the

D.C. Circuit summarily affirmed the Court's order.  Stone v. Castro, No. 14-5307, 2015 WL

5230003, at *1 (D.C. Cir. July 21, 2015).

Now, in yet another suit, Stone argues that his indictment must be dismissed because it

failed to allege all of the essential elements of the offenses with which he was charged and thus

suffered from a jurisdictional defect and violated his right to due process.  See Compl. 3.  He also

complains "that the Federal program charged in the Indictment did not exist."  Compl. 4.  The

Attorney General moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim, arguing primarily

that Stone's complaint represents an improper collateral attack on his criminal conviction and that

his claim is barred by res judicata and collateral estoppel.  The Court agrees and will therefore

dismiss the complaint.

## II.     Standard of Review

Federal courts are courts of limited jurisdiction.  On a Rule 12(b)(1) motion to dismiss, the

plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  See

Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Subject matter jurisdiction is a

constitutional requirement which must be satisfied even if neither party raises an objection.  See

Akinseye v. Dist. of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003).  A court may examine

materials outside the pleadings as it deems appropriate in order to resolve the question of its

jurisdiction.  See Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000),

aff'd, 2001 WL 135857 (D.C. Cir. Jan. 18, 2001) (citing Herbert v. Nat'l Acad. of Scis., 974 F.2d

192, 197 (D.C. Cir. 1992)).

The Attorney General's motion to dismiss for failure to state a claim under Rule 12(b)(6)

should be granted if the allegations in Stone's complaint do not "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Although the

Court must accept the facts pleaded as true, legal assertions devoid of factual support are not

entitled to this assumption.  See Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994).  In addition, "where a plaintiff proceeds pro se, the Court must take particular care to

construe the plaintiff's filings liberally, for such complaints are held 'to less stringent standards than

formal pleadings drafted by lawyers.'" Stone, 859 F. Supp. 2d at 51 (quoting Cheeks v. Fort Myers

Constr. Co., 722 F. Supp. 2d 93, 107 (D.D.C. 2010)).

**III.    Analysis**

Plaintiff's lawsuit is but "a thinly veiled and improper attempt[] to collaterally attack his

conviction in the U.S. District Court for the Northern District of Texas," as "[t]he relief that

plaintiff seeks . . . would overrule the judgment of that court." Stone v. Holder, 859 F. Supp. 2d 48,

52 (D.D.C. 2012).  Even "where [a] second action has an independent purpose and contemplates

some other relief, it is [nonetheless] a collateral attack if, in some fashion, it would overrule a

previous judgment." 37 Assocs., Tr. for the 37 Forrester St., SW Trust v. REO Constr. Consultants,

Inc., 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (quoting In re Am. Basketball League, Inc., 317 B.R.

121, 128 (Bankr. N.D. Cal. 2004)).  The relief that Stone seeks from this Court is for his

"Indictment [to] be dismissed."[1]  Compl. 7.  "Granting plaintiff the relief he seeks [by dismissing

the indictment] would overrule the judgment of the Northern District of Texas and the Fifth

---

[1] Although Stone also initially asked that the Court "award appropriate damages," Compl. 7,
he has subsequently clarified that he is not seeking damages "or other similar relief," Pl.'s Suppl.
Response Def.'s Mot. Dismiss 5.

Circuit." Stone, 859 F. Supp. 2d at 53.  The present action, therefore, represents a collateral attack

on that judgment.  Stone's remedies, "which . . . he has already pursued, are found in 28 U.S.C. §

2255 or the appellate process," not in (yet another) suit in this Court to challenge his indictment.  Id.

In addition, Stone's complaint must be dismissed because his claims have been squarely

rejected by this and other federal courts.  The doctrine of res judicata prevents repeated litigation of

causes of action that share the same nucleus of operative facts.  See Jenson v. Huerta, 828 F. Supp.

2d 174, 179 (D.D.C. 2011).  Claims share the same facts when they "are related in time, space,

origin, or motivation[;] . . . form a convenient trial unit[; and] . . . their treatment as a unit conforms

to the parties' expectations."[2]  Id. (quoting Stanton v. D.C. Ct. App., 127 F.3d 72, 78 (D.C. Cir.

1997)).  Res judicata forecloses all that was or could have been litigated in a previous action, and

any issue that was raised and decided in a previous action.  See Allen v. McCurry, 449 U.S. 90, 94

(1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or

their privies from relitigating issues that were or could have been raised in that action.").  "The

court may take judicial notice of public records from other court proceedings."  Lewis v. Drug

Enforcement Admin., 777 F. Supp. 2d 151, 159 (D.D.C. 2011) (citing Covad Commc'ns Co. v. Bell

Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005)).  The Fifth Circuit's decision denying Stone's

appeal of his conviction (in which he challenged the existence of the SFAHP), Hildenbrand, 527

F.3d at 479, and the Texas district court's decision resolving Stone's jurisdictional claims and

dismissing his action to set aside his conviction (in which he claimed that his indictment did not

---

[2] As the Attorney General observes, in each of the suits Stone has brought, "the following facts remain the same and are the basis for his contentions: (1) he was indicted in 2004; (2) he signed a plea agreement admitting guilt to two counts of the indictment; (3) he was sentenced in accordance with the plea agreement; (4) he appealed his conviction in the Fifth Circuit; (5) the Fifth Circuit found a sufficient factual basis to affirm his conviction and sentence; and (6) the Northern District of Texas dismissed his jurisdictional claims."  Def.'s Mot. Dismiss 3.

allege the essential elements of the charged offenses), <u>Stone</u>, 2010 WL 2404281, *1 (N.D. Tex. 2010), are res judicata in this case.  Stone is also precluded from relitigating those particular legal issues under principles of collateral estoppel.  <u>See</u> <u>Allen</u>, 449 U.S. at 94 ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.").  Accordingly, Stone's suit must be dismissed.

## IV.    Conclusion

For the foregoing reasons, the Court will dismiss Stone's complaint with prejudice.

_____

CHRISTOPHER R. COOPER
United States District Judge

Date:     March 29, 2016